[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 24, 2009
THOMAS K. KAHN
CLERK

_____

No. 07-13997
Non-Argument Calendar
_____

Agency Nos. 05-026-ARB
05-054-ARB

GEORGE T. LUCKIE,

Petitioner,

versus

ADMINISTRATIVE REVIEW BOARD,
US Dept of Labor,

Respondent-Appellee,

UNITED PARCEL SERVICES, INC.,

Intervenor.

_____

Petition for Review of a Decision of the
Department of Labor

_____

**(March 24, 2009)**

Before EDMONDSON, Chief Judge, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Complainant-Appellant George T. Luckie appeals the decision of the Administrative Review Board of the United States Department of Labor ("ARB") dismissing Luckie's whistleblower retaliation claim brought under the Surface Transportation Assistance Act ("STAA"), 49 U.S.C. § 31101 et seq., against his former employer, United Parcel Service ("UPS"), intervenor in this matter. No reversible error has been shown; we affirm.

Luckie was notified on 1 November 2001, that he had been selected for a lateral transfer to a larger district with greater responsibility. The transfer was unacceptable to Luckie because of child-custody issues. Luckie was notified that, if he would not agree to relocate, he had the option of accepting (i) a temporary demotion that involved no relocation and would allow him to remain on the promotion list; or (ii) a severance package. On 9 November 2001, Luckie rejected all options; UPS treated this rejection as a voluntary resignation and terminated his employment.

Luckie initiated this suit claiming UPS's insistence that he could not stay in his position as District Security Manager for Alabama and the Florida panhandle was in retaliation for complaints he had raised about UPS's handling of a fire incident on 30 October 2001. Luckie's claim is based on the STAA. Under 49

2

U.S.C. § 31105(a), an employee may not be discharged, disciplined, or otherwise discriminated against because the employee filed a complaint or began a proceeding related to a violation of a commercial motor vehicle safety regulation. An employee covered by the STAA who believes he has been discriminated against for engaging in activity protected under the whistleblower provisions of the STAA may file a complaint with the Department of Labor. See 49 U.S.C. § 31105(b).

OSHA, a Department of Labor agency, investigated Luckie's complaint; it concluded that Luckie was not an "employee" under the STAA and, as such, the whistleblower protections of the STAA had no application to Luckie. At Luckie's request, a de novo hearing was held before an administrative law judge ("ALJ"). See 49 U.S.C. § 31105(b)(2)(B). The ALJ issued a recommended decision and order concluding that Luckie was a covered employee under the STAA, that he engaged in protected conduct under the STAA, and that he suffered an adverse employment act in retaliation for that conduct. The ALJ awarded Luckie $123,200.00 in compensatory damages.

UPS appealed to the Department of Labor's Administrative Review Board ("ARB"). The ARB rejected the ALJ's recommendation; it reversed the ALJ's decision and dismissed Luckie's complaint. The ARB concluded that (i) Luckie was not a covered employee under the STAA; (ii) even if Luckie was a covered

3

employee, he engaged in no protected activity under the STAA; and (iii) even if Luckie was a covered employee who had engaged in protected activity, he failed otherwise to establish his case by a preponderance of the evidence.

The usual rules applicable to judicial review under the Administrative Procedure Act govern review of cases arising under the STAA. See 49 U.S.C. § 31105(d). The legal conclusions of the ARB are due to be affirmed unless they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. See 5 U.S.C. § 706(2). The ARB's factual findings must be accepted unless they are unsupported by substantial evidence in the record as a whole, see id., but the ARB is required to consider as conclusive the ALJ's findings of fact if those findings are supported by substantial evidence on the record as a whole. See 29 C.F.R. § 1978.109(c)(3). While we only are authorized to review the ARB's decision, see 49 U.S.C. § § 31105(d), that review must be mindful of the ARB's obligation vis á vis the ALJ's factual findings.

Luckie began his career with UPS in 1975 as a part-time package uploader while attending college and succeeded through a number of promotions to management-level assignments. At the time of his separation from UPS, Luckie was District Security Manager for territory that included Alabama and the Florida panhandle, a position he had held since 1994. As District Security Manager, Luckie's chief responsibilities related to resolving customer claims for lost, stolen,

4

or damaged packages.  In the course of his employment, Luckie sometimes handled damaged packages in performing security checks and in resolving damage claims. Luckie also was charged with conducting investigations into incidents of employee theft and violations of UPS's sexual harassment, honesty and integrity policies, as well as overseeing certain security measures at UPS facilities in his area.  Luckie's position largely was administrative; he managed a staff of 20 to 25 employees.

A person seeking to avail himself of the whistleblower protections of the STAA must be an "employee" as defined in section 31101.[1]  The ALJ determined that Luckie was an "employee" because he was  a "freight handler" by virtue of his package handling; or because of his security responsibilities, Luckie was an individual who directly affects commercial safety, or both.   The ARB concluded that substantial evidence failed to support the ALJ's critical findings and that the ALJ erred in his legal conclusions.

---

[1]In relevant part, the STAA provides:

> (2) "employee" means a driver of a commercial motor vehicle ..., a mechanic, a freight handler, or an individual not an employer, who-
>> (A) directly affects commercial motor vehicle safety in the course of employment by a commercial motor carrier; and
>> (B) is not an employee of the United States Government, a State, or a political subdivision of a State acting in the course of employment.

49 U.S.C. § 31101(2).

About the ALJ's characterization of Luckie as a "freight handler," the ARB concluded that the ALJ's factual findings about Luckie's package handling responsibilities misstated the record evidence: where the ALJ found Luckie's testimony on this point to be unrefuted, the ARB concluded the record revealed much evidence to the contrary. According to the ARB, as a department head, Luckie's occasional touching of packages -- unrelated to uploading, unloading, or the sorting of packages -- failed as a matter of law to qualify Luckie as a freight handler under the STAA.

About the ALJ's alternative reasoning that Luckie was "an individual who directly affected commercial safety," the ARB noted that the STAA requires more for coverage as an employee than that found by the ALJ: the individual must directly affect "commercial motor vehicle safety." The ALJ failed to consider whether Luckie's security responsibilities directly affected commercial motor vehicle safety. Reviewing the record, the ARB concluded as a matter of law that Luckie's job responsibilities -- which affected worker safety in UPS facilities -- did not directly affect safety on the highways.

After review of the record, we conclude that the ARB committed no error: even accepting the factual findings of the ALJ, Luckie was not a covered employee under the STAA. The ARB's legal conclusion that these factual findings were insufficient to trigger the STAA's protections is supported by substantial evidence

6

and is not arbitrary, capricious, or an abuse of discretion.  <u>See</u> <u>Yellow Freight Systems, Inc. v. Reich</u>, 8 F.3d 980, 984 (4th Cir. 1993).  In the light of  the deference due the Secretary's interpretation of the statute, the decision is due to be affirmed.[2]

AFFIRMED.

---

[2]Because Luckie's claim is uncovered by the STAA, we have no occasion to consider (i) whether the activity he engaged in was protected; (ii) whether he suffered an adverse employment act; and (iii) whether a causal relationship was shown between the claimed protected activity and the claimed adverse act.